UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON EVERETT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ST. PAUL GUARDIAN INSURANCE )<br>COMPANY and LEE DACUS, )<br>)<br>Defendants. ) | Case No. 4:08CV488MLM |

## MEMORANDUM OPINION

Before the court is the Motion to Remand filed by Plaintiff Don Everett ("Plaintiff"). Doc. 9. Also before the court is the Motion to Dismiss Plaintiff's Petition Directed to Defendant Lee Dacus filed by Defendant Lee Dacus ("Dacus"). Doc. 3. Plaintiff filed a Response to the Motion to Dismiss. Doc. 8. Defendants St. Paul Guardian Insurance Company ("St. Paul") and Dacus filed a Reply. Doc. 9. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 11.

## BACKGROUND

Plaintiff filed a civil action in the Circuit Court of Jefferson County, Missouri, on March 6, 2008, which action St. Paul removed to federal court on April 10, 2008. In his Complaint Plaintiff alleges: that Plaintiff is a resident of Missouri; that St. Paul is a foreign company authorized to do business in Missouri; that at all relevant times Dacus was an agent and employee of St. Paul; that at all times relevant to the matter under consideration Buchheit Enterprises, Inc., ("Buchheit") was insured under a commercial general liability policy issued by St. Paul; that Plaintiff, an employee of Buchheit, was operating a forklift when Buchheit employee Frank Durrer fell from the forklift; that Durrer's fall resulted in his death; that Plaintiff was sued by Lyla Durrer, Frank Durrer's wife; that

upon Plaintiff's demanding St. Paul to defend him in the lawsuit filed by Lyla Durrer, St. Paul refused to provide a defense, insure or indemnify Plaintiff; and that judgment was entered in the amount of one million dollars against Plaintiff and in favor of Lyla Durrer. Also, Plaintiff alleges as follows against both Defendants, St. Paul and Dacus: Count I, bad faith in failing and refusing to defend him from the claims arising from Durrer's death; Count II, negligent claims handling; Count III, breach of fiduciary duty; Count IV, breach of contract; and Count V, bad faith and punitive damages.

In the Notice of Removal and in the Motion to Dismiss St. Paul alleges that Plaintiff is a citizen of Missouri; that Defendant Dacus is a resident of Missouri; that to the extent Plaintiff alleges a cause of action against Dacus based on contract, as an alleged agent of St. Paul Defendant Dacus cannot be held liable for the obligation of a disclosed principal, St. Paul; that any claim which Plaintiff had against Dacus based on tort is barred by the statute of limitations; that Dacus is fraudulently joined as a defendant; and that, therefore, all allegations against Dacus should be dismissed. St. Paul further contends that because Dacus is fraudulently joined complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) and, therefore, this court has jurisdiction. In his Motion to Remand Plaintiff contends that Dacus, a Missouri resident, is properly named as a defendant; that complete diversity does not exist; and that, therefore, this court does not have diversity jurisdiction.

**LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See

also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillard's, 494 F.3d 694, 709(8th Cir. 2007).

> Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Schaaf v. Residential Funding Corp., 2008 WL 465481 at *2 (8th Cir. Feb. 22, 2008) (citing Erickson, 127 S.Ct. at 2200 ("The plaintiffs need not provide specific facts in support of their allegations.").

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists. See Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982); Piper v. Kassel, 817 F. Supp. 802 (E.D. Mo. 1993). "'The Court may rely on pleadings

and affidavits alone or require that an evidentiary hearing be held.'" Id. at 804 (quoting Cantrell v. Extradition Corp. of America, 789 F. Supp. 306, 308 (W.D. Mo. 1992)).

**LEGAL FRAMEWORK FOR FRAUDULENT JOINDER, REMOVAL, and REMAND**

1. 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states." The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); Russell v. New Amsterdam Cas. Co., 325 F.2d 996, 997 (8th Cir. 1964). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." Transit Cas. Co v. Certain Underwriters at Llyod's of London, 119 F.3d 619, 625 (8th Cir. 1997).

2. The court in Iowa Pub. Serv. Co. v. Med. Bow Coal, Co., held in regard to diversity where there are multiple plaintiffs and/or defendants:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants. ... [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403-404 (8th Cir. 1977) (internal citations omitted).

3. 28 U.S.C. § 1441 sets forth the grounds for removal from state court to federal court. Section 1441(a) provides, in pertinent part, that "any civil action brought in State court of which [federal district courts] have original jurisdiction, may be removed by the defendant" to federal district court.

4

4. The Eighth Circuit holds that fraudulent joinder of a non-diverse party does not prevent removal. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). See also BP Chemicals Ltd. v. Jiangsu Sopo Corp, 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). The Eighth Circuit further holds that "'[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law'" to support a claim against the defendant whose joinder would preclude removal. Id. (quoting Wiles v. Capitol Indem, Corp., 280 F.3d 868, 871 (8th Cir. 2002)). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). The Eighth Circuit articulated in Filla considerations relevant to determining whether joinder is fraudulent and held as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977) (emphasis added). However, if there is a "colorable" cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder. See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F.Supp.2d 891, 903 (N.D.Iowa 2000).

Id.

Upon "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved ... [a] district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811 (citing Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir.1999)).

**JOINDER OF DEFENDANT LEE DACUS**

On the face of Plaintiff's Complaint this action lacks the requisite diversity as Plaintiff and Defendant Dacus are residents of Missouri. As stated above, in its Notice of Removal, St. Paul contends that complete diversity does exist because Dacus is fraudulently named as a defendant. In support of their positions as to whether Plaintiff has a cause of action against Dacus the parties reference Missouri law. Plaintiff contends both that there is authority under Missouri law that insurance company employees such as Dacus can be found liable for wrongs committed as a result of the denial of insurance coverage and that there is mixed authority under Missouri law in this regard. Defendants contend that under Missouri law Plaintiff has no cause of action against Dacus because he is not in privity of contract with Plaintiff and/or Buchheit. Alternatively, Defendants contend that to the extent Plaintiff's cause of action against Dacus lies in tort, the applicable statute of limitations bars a cause of action against Dacus.

In <u>Ross v. American Family Mutual Insurance Co.</u>, 2007 WL 1774443 (W.D. Mo. June 18, 2007), the plaintiff alleged bad faith refusal to settle and to defend on the part of an attorney employed by an insurance company as well as by the insurance company itself. The plaintiff contended that the attorney also acted as a claims adjuster and/or claims supervisor for the insurance company and that the attorney breached his fiduciary duty and acted in bad faith. In particular, the plaintiff in <u>Ross</u> contended that the attorney attempted to obtain a release from plaintiff and that in so doing he was acting as an adjuster. Upon finding that joinder of the attorney was not fraudulent, the court in <u>Ross,</u> 2007 WL 1774443 at *3 (quoting <u>Eichholz v. American Family</u>, No. 06-408-CV-W-DW at 6 (Aug. 28, 2006)), acknowledged that:

> [t]here is a reasonable basis in Missouri law for concluding that Missouri courts may recognize personal liability for claims based on bad faith, negligence or fraud against [an insurance company's] claims manager, and [an insurance company's] claims adjuster. Defendant has failed to cite Missouri law specifically disallowing all the claims involved in this action. While no Missouri case specifically addresses the individual liability of employees of insurers, there are other authorities that reasonably

6

suggest that Missouri may recognize a cause of action under the circumstances pleaded in the petition. Under Filla, the better practice is for the Court to remand the case leaving the question of state law for the state courts to decide.

The court in Ross also relied on Shobe v. Kelly, No. 05-236-CV-W-ODS (May 23, 2005), where the plaintiff named as a defendant a claims adjuster who, among other things, allegedly improperly refused to settle a claim against the plaintiff within the policy limits and refused to pay the judgment against the plaintiff. "Because the plaintiff [in Shobe] had stated a colorable claim against the adjuster, the [c]ourt determined that the joinder was not fraudulent and remanded the case." 2007 WL 1774443 at *3.

In El Dorado Springs R-2 School District v. Moos, 264 F. Supp. 815 (W.D. Mo. 1967), also relied upon by the court in Ross, a school district sought to recover from an insurance agent as well as from the insurance company for losses incurred as the result of damage to a high school and its contents. The school district alleged that *the insurance agent represented that he had superior knowledge of insurance matters*; that *the agent further represented that the face amount of the relevant policy would be paid* in the event any insured peril caused destruction of the property; and that the agent made these representations knowing that they were false. Id. at 816. The defendant insurance company in El Dorado removed the matter to federal court alleging fraudulent joinder of the agent and the school district sought to remand. The court in El Dorado found that joinder of the insurance agent was not fraudulent and, therefore, remanded. Upon reaching this conclusion the court in El Dorado, 264 F. Supp. at 820, relied upon the following holding in Gillette v. Koss Const. Co., 149 F.Supp. 353, 355 (W.D. Mo.1957)):

> If it is debatable whether recovery is possible against the resident defendant under Missouri law, or if it is questionable whether the state court would give judgment against him, there is still no fraudulent joinder; for even though plaintiff may be in error with respect to both facts and law, fraud cannot be predicated upon his mistaken conclusions. * * *

7

>Furthermore, a deliberate intent on the part of the plaintiff to preclude removal to this court by joining resident defendants does not necessarily show that his joinder was not in good faith. That his motive or purpose in so doing is to defeat removal is not material, if it is shown to be made with reasonable basis in law.

Significantly, in cases relied upon by Plaintiff, including Ross, 2007 WL 1774443 and El Dorado, 264 F. Supp. 815, the plaintiffs specifically alleged *independent conduct on the part of the defendant* who was allegedly fraudulently joined. See also Wallace v. Helig, 963 S.W.2d 360, 361 (Mo. Ct. App. 1998) (alleging that an insurance broker failed to procure appropriate insurance). Upon determining whether joinder is fraudulent this court must consider "the face of the pleadings." Anderson, 724 F.2d at 84. Plaintiff in the matter under consideration alleges no independent conduct on Dacus's part. Plaintiff merely alleges that both St. Paul and Dacus failed and refused to provide a defense for and insure and indemnify Plaintiff. As such, Plaintiff does not allege that Dacus was anything more than the messenger of St. Paul's decision not to indemnify Plaintiff.

In support of its position that joinder of Dacus is fraudulent St. Paul relies upon Starman v. Peoples Benefit Life Insurance Co., 2005 WL 2123727 (E.D. Mo. 2005) (unreported). Upon finding joinder of an insurance agent fraudulent in Starman the court relied upon the fact that the plaintiff's allegations referred to the defendants jointly and did not "allege actionable facts specific to the agent." Id. at *2. In regard to an allegation that the insurance agent in Starman was liable for breach of contract, the court considered that the plaintiff failed to allege that the insurance agent was a party to any implied or express contract with the plaintiff and that the plaintiff failed to allege that the agent had any claims processing responsibility or decision making authority with respect to processing and the ultimate denial of the plaintiff's claim. Id. at *2. Likewise, in Count VI, alleging breach of contract, Plaintiff in the matter under consideration does not allege any conduct on the part of Dacus which is distinct from the conduct of St. Paul; that Dacus was a party to the applicable contract for insurance; or that Dacus had a decision making authority with regard to the processing and denial of

8

Plaintiff's request for representation and indemnification. As such, there can be no reasonable basis in fact and law for breach of contract as alleged in Count IV of Plaintiff's Complaint. See Filla, 336 F.3d at 810.

In Count I Plaintiff alleges bad faith in handling Plaintiff's claim. Upon finding joinder of the insurance agent fraudulent in Starman the court relied upon Schwartz v. State Farm Mut. Auto. Ins. Co., 174 F.3d 875, 878-79 (7th Cir.1999), in which case the court found that the *tort of bad faith denial of an insurance claim arises from privity of contract*. The court reasoned that where an insurance agent does not have privity of contract with an insured, the agent can not be found liable on a theory of bad faith denial of an insurance claim. Id. Indeed, the duty of good faith and fair dealing applies to the performance and enforcement of a contract. As such, the duty of good faith and fair dealing is premised on the existence of a contract. Restatement (Second) of Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). As Plaintiff in the matter under consideration does not allege a contractual obligation on the part of Dacus, there can be no duty to Plaintiff on Dacus's part. Under such circumstances, there can be no reasonable basis in fact and law for Plaintiff's claim against Dacus as alleged in Count I of Plaintiff's Complaint. See Filla, 336 F.3d at 810.

In Count II Plaintiff alleges negligence. In Kerr v. Federal Emergency Management Agency, 113 F.3d 884 (8th Cir. 1997), the plaintiff alleged that a claims adjuster negligently failed in his duty to accurately investigate and determine if the plaintiff's loss was covered by the applicable policy. Upon addressing this allegation the Eighth Circuit noted that to establish a claim of general negligence under Missouri law, [the plaintiff] is required to show that (1) [the adjuster] owed a duty to [the plaintiff]; (2) [the adjuster] breached its duty to [the plaintiff] by act or omission; and (3) as a result of the breach, [the plaintiff] suffered injury or damage." Id. at 886 (citing American Mortgage Inv.

9

Co. v. Hardin-Stockton Corp., 671 S.W.2d 283, 292-93 (Mo. Ct. App. 1984)). The Eighth Circuit further held that it is a "general rule of Missouri law that an insurer's agent is not liable for economic loss suffered by an insured when the agent fails to perform a duty owed to the insurer." Id. (citing State ex rel. Ranni Assocs., Inc. v. Hartenbach, 742 S.W.2d 134, 139-40 (Mo. 1987)). The court acknowledged that *an exception to this rule can arise where the adjuster undertakes a separate duty to the insured and commits an act which would constitute an independent tort*. Id. at 886-87 (citing Ranni, 742 S.W.2d at 139-40). In Kerr the Eighth Circuit found this exception was not applicable because the adjuster "conducted only activities which related to his duty as [the insurance company's] adjuster." Id. at 887. The court found that because the plaintiff had not established that the adjuster undertook a separate duty to the plaintiff, the plaintiff could not "claim that an independent tort arose which would cause [the adjuster] to be liable for [the plaintiff's] economic harm. Id. (citing Ranni, 742 S.W.2d at 139). Under such circumstances any cause of action which the plaintiff had with regard to the adjuster's alleged negligence had to be brought against the insurance company. Id. As Plaintiff in the matter before this court does not allege a duty on the part of Dacus which is separate from his duties as an employee or agent of St. Paul, there is no basis in fact and law for Plaintiff's claim of negligence in Count II. See Filla, 336 F.3d at 810; Restatement (Second) of Contracts § 205.

In Count III Plaintiff alleges a breach of fiduciary duty by Dacus. Under Missouri law, in order for a fiduciary relationship to exist, "there must be evidence of a special trust with respect to the property or business and, stemming therefrom, an exercise of influence which breaks the will power of the person over-influenced." Farmers Ins. Co. v. McCarthy, 871 S.W. 82, 86 (Mo. Ct. App. 1994) (citing Masoner v. Bates County Nat. Bank, 781 S.W.2d 235, 239 (Mo. Ct. App.1989)).[1] See also

---

[1] In Farmers, 972 S.W.2d 82, the Missouri appellate court found that an insurance agent could not be found liable for breach of a fiduciary duty based on an allegation that he failed to advise a motorist of the availability and advisability of underinsured motorist coverage.

10

State Resources Corp. v. Lawyers Title Ins. Corp., 224 S.W.3d 39 (Mo. Ct. App. 2007). As further noted by the court in Farmers, "Black's Law Dictionary defines a fiduciary as one who has a duty, created by his own undertaking, to act primarily for another's benefit in matters connected with such an undertaking." Id. at 87 (citing Black's Law Dictionary 625 (6th Ed.1990)). As stated above Plaintiff does not allege a contractual relationship between himself and Dacus. Plaintiff, moreover, does not allege that Dacus undertook or assumed a duty which would give rise to a fiduciary duty to Plaintiff.[2] As such, there is no basis in fact and law for Plaintiff's allegation in Count III that Dacus breached a fiduciary duty to Plaintiff. See Filla, 336 F.3d at 810

For the reasons articulated above and resolving all facts and ambiguities in Plaintiff's favor, the court finds that the applicable State law precludes the existence of a cause of action against Dacus and that there can be no reasonable basis in fact and law to support Plaintiff's claims against Dacus, including Plaintiff's claim in Count V for punitive damages which claim is premised on Counts I-IV. Under such circumstances, the court finds that joinder of Dacus is fraudulent and that his joinder cannot defeat diversity. Filla, 336 F.3d at 810-11; Anderson, 724 F.2d at 84. As such, complete diversity exists; this court has jurisdiction pursuant to 28 U.S.C. § 1332(a); Plaintiff's Motion to

---

[2] Under Missouri law, the elements of a fiduciary relationship are as follows:

(1) as between the parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability or ignorance; (2) things of value such as land, monies, a business, or other things of value which are the property of the subservient party must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party place a trust and confidence in the dominant party.

Smith v. Goodyear Tire & Rubber Co., Inc., 856 F.Supp. 1327 (W.D. Mo. 1994) (citing Chmieleski v. City Products Corp., 660 S.W.2d 275, 294 (Mo. Ct. App.1983)).

Remand should be denied; and the Motion to Dismiss Directed to Defendant Lee Dacus should be granted.

To the extent Defendants contend that Plaintiff's cause of action against Dacus should be dismissed based on the statute of limitations applicable to tort claims, Mo. Rev. Stat. § 516.120, the court need not address this issue as it has found that there is no basis in fact and law for any of Plaintiff's claims against Dacus.

## CONCLUSION

For the reasons fully set forth above the court finds that joinder of Lee Dacus is fraudulent; that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a); that the Motion to Dismiss Directed to Defendant Lee Dacus should be granted; and that Plaintiff's Motion to Remand should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by Plaintiff Don Everett is **DENIED**; Doc. 9.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Directed to Defendant Lee Dacus is **GRANTED**; Doc. 3

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of June, 2008.